IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony G. Bryant, | ) | Case No.: 2:23-3967-JD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| AT&T Corporation; Cricket Wireless; and | ) | |
| Meta Corporation, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report" or "Report and Recommendation") (DE 8), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]   Plaintiff Anthony G. Bryant ("Bryant" or "Plaintiff"), proceeding *pro se*, filed this action on August 10, 2023. (DE 1.)  On the same date, Plaintiff also moved to proceed in forma pauperis ("IFP").   (DE 2.)   On August 23, 2023, the Magistrate Judge issued the Report recommending that Plaintiff's motion be denied because "Plaintiff has a history of filing frivolous cases while proceeding IFP," and "this court previously entered a pre-filing injunction[2] against him pursuant to Graham v. Riddle, 554 F.2d 133, 134–35 & n.* (4th Cir. 1977)."  (DE 8.)  See Bryant v. U.S. Dep't of Interior, No. 2:18-cv-2593-MBS, 2018 WL 5255009, at *1 (D.S.C. Oct.

---

[1]        The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]        The 2018 Pre-filing Injunction required "Plaintiff to pay the full filing fee before he may proceed with a civil action . . . .  If he does not, th[e] civil action will be summarily dismissed."  (DE 8.)

22, 2018), aff'd sub nom. Bryant v. U.S. Dep't of Educ., 764 F. App'x 344 (4th Cir. 2019), cert.

denied, No. 18-9246, 2019 WL 4921844 (U.S. Oct. 7, 2019) ("Pre-filing Injunction").

The Report cited to the policy behind the IFP statute quoted in Graham:

(W)hile persons who are unable to pay costs or give security therefor should be allowed to prosecute or defend actions for the protection of their rights . . ., they should not be allowed under the cover of the statute to abuse the process of the court by prosecuting suits which are frivolous or malicious. As said by Judge Aldrich in O'Connell v. Mason, supra, 1 Cir., 132 F. 245, 247: 'It is quite clear that Congress, while intending to extend to poor and meritorious suitors the privilege of having their wrongs redressed without the ordinary burdens of litigation, at the same time intended to safeguard members of the public against an abuse of the privilege by evil-minded persons who might avail themselves of the shield of immunity from costs for the purpose of harassing those with whom they were not in accord, by subjecting them to vexatious and frivolous legal proceedings.'

Graham v. Riddle, 554 F.2d 133, 134–35 & n.* (4th Cir. 1977).

Plaintiff objected to the Report, although it appears incoherent and not at the heart of the

Report's recommendation that IFP status be denied.  At best, the Court construes the objection

applying not to the substance of the Report but to this Court's ability to review the objection de

novo.  Plaintiff states, "How can said District Judge be apart of resolving said objection the district

court must determine de Novo any part of the Magistrate Judges disposition has been properly

objected to the district judge may accept, reject, or modify the recommended disposition. . . ." (DE

10.)   However, to be actionable, objections to a report and recommendation must be specific.

Failure to file specific objections constitutes a waiver of a party's right to further judicial review,

including appellate review, if the recommendation is accepted by the district judge.  See United

States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly

upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's

report enables the district judge to focus attention on those issues – factual and legal – that are at

the heart of the parties' dispute.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310,

315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff's objection contains no cognizable basis for review.  Plaintiff states, "How can said District Judge be apart of resolving said objection the district court must determine de Novo any part of the Magistrate Judges disposition has been properly objected to the district judge may accept, reject, or modify the recommended disposition. . . ."  (DE 10.)  Since the objection does not articulate why this Court cannot review or adjudicate the Pre-filing Injunction, the Court rejects the same.  That said, the Court overrules Plaintiff's singular objection to this Court's ability to review the objection de novo, and therefore, IFP status should be denied.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds that there is no clear error on the face of the record and, therefore, adopts the Report and fully incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's motion to proceed in forma pauperis (DE 2) is denied, and Plaintiff shall have fourteen days from the date of this Order to submit the required filing fee; if the filing fee is not submitted within this timeframe, the Clerk of Court shall close this case without further order of this Court.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 3, 2023

3

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days

from the date hereof, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.